IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT NANKIVELL, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>**Defendant.** )<br>_____ ) | CIVIL ACTION<br><br>No. 14-1234-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding that any error in failing to discuss Listing 12.02 is harmless, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.   Background**

Plaintiff applied for DIB and SSI, alleging disability beginning October 15, 2008. (R. 12, 147-54). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff makes but one

argument, that substantial evidence does not support the Administrative Law Judge's (ALJ) step three finding that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a Listed Impairment. (20 C.F.R., Pt. 404, Subpt. P, App. 1). This is so in Plaintiff's view because "the record contains credible evidence that could lead a reasonable mind to conclude" that Plaintiff meets or equals Listing 12.02 (Pl. Br. 15) and counsel argued that Plaintiff equals the Listing, but the ALJ did not even discuss whether he does. Id. at 9.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**II.     Listing 12.02:  Organic Mental Disorders**

As Plaintiff notes, Listing 12.02 can be met when a claimant has:

Psychological or behavioral abnormalities associated with a dysfunction of the brain.  History and physical examination or laboratory tests demonstrate the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A.     Demonstration of a loss of specific cognitive abilities or affective changes and the medically documented persistence of at least one of the following:

    1.     Disorientation to time and place; or
    2.     Memory impairment, either short-term (inability to learn new information), intermediate, or long-term (inability to remember information that was known sometime in the past); or
    3.     Perceptual or thinking disturbances (e.g., hallucinations, delusions); or

       4.       Change in personality; or
       5.       Disturbance in mood; or
       6.       Emotional lability (e.g., explosive temper outbursts, sudden crying, etc.) and impairment in impulse control; or
       7.       Loss of measured intellectual ability of at least 15 I.Q. points from premorbid levels or overall impairment index clearly within the severely impaired range on neuropsychological testing, e.g., Luria-Nebraska, Halstead-Reitan, etc;

AND

B.       Resulting in at least two of the following:

       1.       Marked restriction of activities of daily living; or
       2.       Marked difficulties in maintaining social functioning; or
       3.       Marked difficulties in maintaining concentration, persistence, or pace; or
       4.       Repeated episodes of decompensation, each of extended duration:

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02

Plaintiff argues, alternatively, that his condition meets the paragraph "A" criteria of number 7, 2, 3, or 6. (Pl. Br. 11-12). He then implies that Nurse Practitioner Anderson's opinions, when properly considered in conjunction with Dr. Whitten's report, and statements from Plaintiff's parents demonstrate that at least two of the paragraph "B" criteria are met, but he does not explain which criteria are met. Id. at 12-15. He asserts that because counsel argued that plaintiff's condition equals Listing 12.02, and because the record contains credible evidence that could lead a reasonable mind to conclude that Plaintiff's condition meets or equals Listing 12.02, it was error for the ALJ to fail to discuss that Listing.

The Commissioner acknowledges that the ALJ did not discuss Listing 12.02, but argues that the ALJ specifically discussed Listing 12.04, 12.06, and 12.08, each of which include paragraph "B" criteria identical to those of Listing 12.02, and found that Plaintiff's condition does not meet the paragraph "B" criteria. (Comm'r Br. 11-14). She argues that the ALJ's findings regarding the paragraph "B" criteria are supported by substantial evidence which applies with equal force to Listing 12.02. Id.

In his Reply Brief, Plaintiff equates the Commissioner's argument to a harmless error argument and argues that an error can be harmless only if no reasonable factfinder could have decided otherwise, but that the evidence cited in his Brief demonstrates that a reasonable mind might find plaintiff's condition meets or equals the Listing. He argues that the error in failing to discuss listing 12.02 specifically is not harmless. (Reply 1-2) (citing Fisher-Ross v. Barnhart, 431 F.3d 729, 735 (10th Cir. 2005)).

### A.   **Standard for Step Three Evaluation**

Plaintiff acknowledges the standard for a step three evaluation. (Pl. Brief 8-9). The Commissioner has provided a "Listing of Impairments" which describes certain impairments that she considers disabling. 20 C.F.R. §§ 404.1525(a), 416.925(a) (2012); see also, Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. Williams, 844 F.2d at 751; see Bowen v. Yuckert, 482 U.S. 137, 141 (1987) (if claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled"). However, plaintiff "has the burden at step three

of demonstrating, through medical evidence, that his impairments 'meet <u>all</u> of the specified medical criteria' contained in a particular listing." <u>Riddle v. Halter</u>, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in <u>Zebley</u>)).  "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing.  <u>Zebley</u>, 493 U.S. at 530.

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing <u>any</u> gainful activity, not just 'substantial gainful activity.'" <u>Zebley</u>, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)).  The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." <u>Yuckert</u>, 482 U.S. at 153.  "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively." <u>Caviness v. Apfel</u>, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

### **B.**     **Analysis**

It is Plaintiff's burden to demonstrate that his condition meets or equals the criteria of a Listing.  Plaintiff has not done so here.  Plaintiff completely ignores the introductory paragraph of Listing 12.02, which "consists of a statement describing the disorder(s)

addressed by the listing." 20 C.F.R., Pt. 404, Subpt. P, App.1 § 12.00(A). As plaintiff quoted in his Brief, that statement describes the disorder as

> Psychological or behavioral abnormalities associated with a dysfunction of the brain. History and physical examination or laboratory tests demonstrate the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities.

20 C.F.R., Pt. 404, Subpt P., App. 1 § 12.02.

Although Plaintiff argues that the record evidence potentially establishes four of the paragraph "A" criteria, and that a reasonable mind could conclude, based on the record evidence, that at least two of the paragraph "B" criteria are met, he does not even suggest what history, physical examination, or laboratory tests show a "<u>specific organic factor</u> judged to be etiologically related to [his] abnormal mental state and loss of previously acquired functional abilities." Id. Yet to meet this Listing, a claimant must demonstrate that these criteria are met. Kirby v. Chater, No. 95-7078, 1995 WL 747677, at *1 (10th Cir. December 18, 1995) (because the claimant had not shown the cause of her loss of I.Q., she had not met her burden to establish that she meets or equals listing 12.02). Moreover, the court's review of the record evidence does not reveal a "specific organic factor" to which the loss might be attributed, and none of the medical records or reports alludes to such a specific organic factor. Despite Plaintiff's arguments that the paragraph "A" criteria and paragraph"B" criteria are at least potentially met, no reasonable factfinder could find that Plaintiff's condition meets or equals Listing 12.02 absent record evidence of such a factor which is demonstrated by history, physical

examination, or laboratory tests, and which is etiologically related to Plaintiff's condition. Plaintiff has not met his burden to establish that Listing 12.02 is met or equaled, and any error in the ALJ's failure to specifically discuss Listing 12.02 is harmless.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 8th day of May 2015, at Kansas City, Kansas.

        s:/ John W. Lungstrum
        **John W. Lungstrum**
        **United States District Judge**